IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2004 GMC YUKON DENALI VIN 1GKEK63U94J252626,
2008 HONDA ACCORD VIN JHMCP26708C017883, and
2001 LEXUS IS 300 VIN JTHBD182910026136,

        Defendants.

_____

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j), 19 U.S.C. § 1605, and 28 U.S.C. § 1395, as the defendant property is located, and all acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

   a. 2004 GMC YUKON DENALI VIN 1GKEK63U94J252626 (defendant "Yukon") seized from Ramon Farias-Chavez and Gabriel Farias-Chavez on July 27, 2010, at 3410 South Platte River Drive, Sheridan, Colorado, and is currently being held by the United States Marshal Service, Denver, Colorado.

   b. 2008 HONDA ACCORD VIN JHMCP26708C017883 (defendant "Accord") seized from Gabriel Farias-Chavez on July 27, 2010, at 3410 South Platte River Drive, Sheridan, Colorado, and is currently being held by the United States Marshal Service, Denver, Colorado.

   c. 2001 LEXUS IS 300 VIN JTHBD182910026136 (defendant "Lexus") seized from Ramon Farias-Chavez on July 27, 2010, at 14431 Orchard Parkway, Westminster, Colorado, and is currently being held by the United States Marshal Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

4. In March 2010, the Colorado Drug Enforcement Administration (DEA), the Northern Colorado Drug Task Force (NCDTF), and Weld County Drug Task Force (WCDTF) began an investigation of the drug trafficking activities of Ramon Farias-Chavez (hereinafter "Ramon") and Gabriel Farias-Chavez (hereinafter "Gabriel").

5. On April 15, 2010, a NCDTF detective and a WCDTF detective acting in an undercover capacity met with Ramon and Gabriel to conduct an undercover buy of

methamphetamine. The meeting occurred in Loveland, Colorado, and Ramon and Gabriel arrived at the Barnes and Noble book store driving defendant Lexus. During this meeting the undercover detectives purchased 230 gross grams of methamphetamine for $7,500.00. The undercover detectives paid Ramon and Gabriel $4,000.00 and agreed to pay the remaining $3,500.00 at a later date.

6. In May 2010, to further the investigation, officers began monitoring telephone calls made from the cell phones utilized by Ramon and Gabriel.

7. On May 1, 2010, the WCDTF undercover (UC) arranged to meet Ramon and Gabriel to pay the remaining $3,500.00 owed for the methamphetamine purchased on April 15, 2010. The meeting again occurred in the Barnes and Nobel parking lot in Loveland, Colorado.

8. On May 4, 2010, surveillance was established at the Barnes and Nobel parking lot in Loveland, Colorado, and at approximately 2:00 p.m., officers observed Ramon and Gabriel arrive driving defendant Lexus. The UC entered defendant Lexus and gave Ramon and Gabriel $3,500.00. During this drug transaction, Ramon told the UC that he did not have any methamphetamine, but was waiting for a load to arrive and that he would call the UC when it came in.

9. On May 13 and May 14, 2010, surveillance was conducted at the residence of Gabriel Farias-Chavez, located at 1528 East Girard Place, Englewood, Colorado, and the residence of Ramon Farias-Chavez located at 3410 Platte River Road, Englewood, Colorado.

10. On both days, officers observed defendant Honda parked in the vicinity of Gabriel's residence and defendant Yukon parked in the vicinity of Ramon's residence.

11. On June 1, 2010, UC detectives arranged to make another purchase of methamphetamine from Ramon and Gabriel. Surveillance observed defendant Lexus leave Ramon's

residence at Platte River Road and travel to the Barnes and Noble in Loveland, Colorado. The UCs met Gabriel in defendant Lexus at the Barnes and Noble parking lot where they purchased 231 gross grams of methamphetamine for $7,500.00.

12. On July 9, 2010, NCDTF was conducting surveillance on Ramon's residence at 3410 Platte River Road and observed a Hispanic male, later identified as Juan Ortiz (hereinafter "Ortiz") driving a 2004 Dodge Ram with Kansas plates arrive at the residence.

13. A short time later, surveillance observed Gabriel and Ortiz leave the residence in defendant Lexus and travel to a shopping center on West Virginia Avenue, Denver, Colorado, where Ortiz met briefly with a female in a white Volvo. Gabriel and Ortiz then returned to the residence at South Platte River Drive. Approximately fifteen minutes later, surveillance observed Ortiz leave the residence in the Dodge Ram and travel to Gabriel's residence located at 1492 East Girard Avenue, Englewood, Colorado.

14. Surveillance observed Ortiz carrying a black duffle bag and a box from Gabriel's residence and place them in the Dodge Ram. Ortiz then left the residence at Girard and returned to Ramon's residence at South Platt River Drive where he met briefly with Ramon and Gabriel and then left the area. Surveillance followed Ortiz and as he exited onto Interstate 70 and headed east towards Kansas a traffic stop was performed.

15. Ortiz gave consent to search the 2004 Dodge Ram. During the search officers found 1027 gross grams of methamphetamine hidden behind the glove box. The United States seized the 2004 Dodge Ram and no administrative claim was filed.

16. On July 14, 2010, another undercover buy was arranged with Ramon and Gabriel. UC detectives agreed to meet Ramon and Gabriel at the On the Border Restaurant parking lot in Loveland, Colorado.

17. At approximately 6:30 p.m. on July 14, 2011, Ramon and Gabriel arrived at the On The Border Restaurant in defendant Lexus. The UC detectives completed the exchange of 232 gross grams of methamphetamine with Ramon and Gabriel who agreed to take $3,500.00 and front the remaining $4,000.00.

18. On July 27, 2010, the UC detectives arranged to meet Ramon and Gabriel at the Target located on 144th in Westminster, Colorado. Surveillance observed Ramon and Gabriel leave the residence at Platte River Drive and enter defendant Lexus. Surveillance followed defendant Lexus as it entered the Target parking lot and NCDTF arrested Ramon and Gabriel.

19. Following the arrest of Ramon and Gabriel, defendant Lexus was searched and 931.9 gross grams of methamphetamine were found.

20. On July 27, 2010, NCDTF executed a state search warrant for Ramon's residence located at 3410 South Platte River Road #3109, Sheridan, Colorado. Officers found 4705 gross grams of methamphetamine hidden in a Delco car battery located in Ramon's bedroom closet. Offers also found cans of acetone, ledger notebooks, plastic bags, the key to defendant Lexus, plastic bags with methamphetamine residue, and a Ruger 9mm handgun. Defendant Yukon and defendant Honda were located in the parking lot at South Platt River Road and through investigation by NCDTF and WCDTF it was determined that these vehicles belonged to Ramon and Gabriel and were seized as proceeds of their drug trafficking activities.

21. Ramon's wife, identified as Martha Ernestina Camarena-Rodriguez (hereinafter "Rodriguez"), was present during the execution of the search warrant. Rodriguez told officers that she knew that Ramon and Gabriel sold drugs, and that neither Ramon nor Gabriel had legitimate means of employment.

22. On July 27, 2010, a state search warrant was executed at Gabriel's residence located at 1492 East Girard Avenue, Building 5A, #517. During the search officers found a large bag of cutting agent, ledger notebooks, a Rossi revolver, a Desert Eagle 44 caliber pistol, and keys for defendant Yukon.

23. Gabriel's wife, identified as Ibek Monik Payan (hereinafter "Payan") was present during the search. Payan told officers that Gabriel stayed at the apartment "off and on" and that she believed he worked construction. Payan told officers that defendant Honda and defendant Yukon belonged to Gabriel.

24. Based in part on the facts contained herein, Ramon Farias-Chavez was arrested and charged in Larimer County Colorado with Cocca-Pattern of Racketeering, Cocca-Conspiracy, two counts of Controlled Substance-Distribute Schedule 2, Controlled Substance-Conspiracy Distribution/Manufacturing of a Schedule 2, and Money Laundering, state criminal case number 10-cr-1065. Trial is set for May 17, 2011.

25. Based in part on the facts contained herein, Gabariel Farias-Chavez was arrested and charged in Larimer County Colorado with Cocca-Pattern of Racketeering, Cocca-Conspiracy, three counts of Controlled Substance-Conspiracy Distribution/Manufacturing of a Schedule 2, and Money Laundering, state criminal case number 10-cr-1066. Trial is set for May 17, 2011.

26.     A search of the Department of Labor records revealed that Ramon Farias-Chavez had no reported income.

27.     A search of the Department of Labor records revealed that Gabriel Farias-Chavez had no reported income.

28.     The three defendant vehicles identified herein are registered to individuals other than Ramon Farias-Chavez and Gabriel Farias-Chavez.  Ramon Farias-Chavez filed the only administrative claim with respect to these defendant vehicles.

29.     In summary, Ramon Farias-Chavez and Gabriel Farias-Chavez are involved in illegal drug trafficking activities and have no known legal income to substantiate possession of defendant vehicles.  Accordingly, defendant vehicles are forfeitable as property furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as property used or intended to be used to facilitate illegal drug trafficking, pursuant to 21 U.S.C. § 881(a)(6).

.                          VERIFICATION OF JUSTIN BRADLEY

SPECIAL AGENT, DRUG ENFORCEMENT ADMINISTRATION

I, Special Agent, Justin Bradley, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true to the best of my information and belief.

        s/Justin Bradley  
        Justin Bradley

| | | |
|---|---|---|
| STATE OF COLORADO | ) | |
| CITY AND | )ss | |
| COUNTY OF DENVER | ) | |

The foregoing was acknowledged before me this 3rd day of March, 2011, by Justin Bradley, Special Agent, Drug Enforcement Administration.

      s/Pamela D. Thompson
      Notary Public - Colorado

My Commission Expires: 5-3-2014

### FIRST CLAIM FOR RELIEF

30.    The Plaintiff repeats and incorporates by reference the paragraphs above.

31.    By the foregoing and other acts, defendant Yukon constitutes proceeds traceable to exchanges for controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

32.    The Plaintiff repeats and incorporates by reference the paragraphs above.

33.    By the foregoing and other acts, defendant Honda constitutes proceeds traceable to exchanges for controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRD CLAIM FOR RELIEF

34.    The Plaintiff repeats and incorporates by reference the paragraphs above.

35.    By the foregoing and other acts, defendant Lexus was used, or intended to be used, as a container for controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(3).

## FOURTH CLAIM FOR RELIEF

36. The Plaintiff repeats and incorporates by reference the paragraphs above.

37. By the foregoing and other acts, defendant Lexus constitutes a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, or concealment, of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the Untied States pursuant to 21 U.S.C. § 881(a)(4).

## FIFTH CLAIM FOR RELIEF

38. The Plaintiff repeats and incorporates by reference the paragraphs above.

39. By the foregoing and other acts, defendant Lexus constitutes proceeds traceable to exchanges for controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

Dated this 3rd day of March, 2011.    Respectfully submitted,

JOHN F. WALSH
United States Attorney

By:   s/Martha A. Paluch
MARTHA A. PALUCH
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0353
Fax: (303) 454-0402
E-mail: Martha.Paluch@usdoj.gov