**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00532-WJM-MEH

**UNITED STATES OF AMERICA**

   Plaintiff,

v.

2004 GMC YUKON DENALI VIN 1GKEK63U94J252626,
2008 HONDA ACCORD VIN JHMCP26708C017883, and
2001 LEXUS IS 300 VIN JTHBD182910026136,

   Defendants.

---

### MOTION TO STAY PROCEEDINGS

---

  Claimant, Ramon Farias-Chavez (hereto after "Claimant"), by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer & Steinberg, P.C., respectfully moves this Court to enter and Order staying proceedings in the above captioned matter.

  **AS GROUNDS THEREFOR**, states as follows:

1. Undersigned spoke with AUSA Martha Paluch regarding the relief requested in this motion and has been authorized to represent to the Court that the United States of America does not oppose a stay in this matter.

2. The government is seeking forfeiture of a 2004 GMC Yukon Denali, a 2008 Honda Accord, and a 2001 Lexus IS 300. The Claimant has filed his verified statement of claim and persists in his claim.

3. The Claimant currently faces charges in Larimer County Colorado.

4. 18 USC § 981 (g) (2) states:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
> (A) the claimant is the subject of a related criminal investigation or case;
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

5. The Claimant moves that these proceedings be stayed for the following reasons:

   a. The Claimant is the subject of a related criminal case directly implicating the facts in this civil forfeiture proceeding;

   b. The Claimant has standing to assert a claim in this civil forfeiture proceeding; and

   c. Continuation of this forfeiture proceeding will burden the right of the Claimant against self-incrimination as guaranteed to him by the Fifth Amendment to the United States Constitution in the related case.

6. Under these circumstances the Claimant cannot file a meaningful answer. The aversions in the Complaint touch on allegations that are the subject of the related criminal case. See e.g. *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (upholding the striking of the affidavit of a claimant after he invoked the fifth amendment in response to government questions).

7. Courts should endeavor to accommodate the Claimant's Fifth Amendment rights in forfeiture proceedings *United States v. A Certain Parcel of Land*, 781 F. Supp. 830, 834 (D.N.H. 1992) citing *United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir. 1990). Staying the civil case prevents the government from using civil discovery as a

means to obtain information to flesh out the criminal case against the claimants. *United States v. Certain Real Prop.*, 579 F.3d 1315, 1321 (11th Cir. 2009).

8. Even in the general civil context where there is not specific statutory language commanding the stay of a civil proceeding it is recognized that the Fifth Amendment can and should be invoked when it can be implicated. The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486-487 (4th Cir. 1987).

9. For the above stated reasons the Claimant respectfully requests that this Court stay the proceedings in this matter pending the outcome of the related criminal case.

**WHEREFORE**, the Claimant prays for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

Dated this 12th day of May, 2011.

      Respectfully submitted,
      s/Ariel Z. Benjamin
      Ariel Z. Benjamin
      Springer & Steinberg, P.C.
      Attorneys for Ramon Farias-Chavez
      1600 Broadway, Suite 1200
      Denver, CO 80202
      (303)861-2800 Telephone
      (303)832-7116 Telecopier
      law@springer-and-steinberg.com

˘4˘

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of May, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Martha Paluch
Email: Martha.Paluch@usdoj.gov

                                    s/Casey Ambrose
                                    Casey Ambrose
                                    for Ariel Z. Benjamin
                                    Springer and Steinberg, P.C.
                                    Attorneys for Ramon Farias-Chavez
                                    1600 Broadway, Suite 1200
                                    Denver, CO 80202
                                    (303)861-2800 Telephone
                                    (303)832-7116 Telecopier
                                    law@springer-and-steinberg.com